IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERICA WILLIS TANKS, <u>et al.</u>                                    PLAINTIFFS

v.                                      Civil Action No. 4:03-CV-408-LN

LOCKHEED-MARTIN CORP., <u>et al.</u>                            DEFENDANTS

─────────────────────────────────────────────────────────────

*Consolidated for Purposes of Discovery With*

McCALL, <u>et al.</u>                                               PLAINTIFFS

v.                                      Civil Action No. 4:04-CV-122-LR

LOCKHEED-MARTIN CORP., <u>et al.</u>                            DEFENDANTS

─────────────────────────────────────────────────────────────

*AND*

PRICE, <u>et al.</u>                                                PLAINTIFFS

v.                                      Civil Action No. 4:04-CV-123-LR

LOCKHEED-MARTIN CORP., <u>et al.</u>                            DEFENDANTS

─────────────────────────────────────────────────────────────

*AND*

BAILEY, <u>et al.</u>                                               PLAINTIFFS

v.                                      Civil Action No. 4:04-CV-124-LR

LOCKHEED-MARTIN CORP., <u>et al.</u>                            DEFENDANTS

─────────────────────────────────────────────────────────────

*AND*

BRADLEY, <u>et al.</u>                                              PLAINTIFFS

v.                                      Civil Action No. 4:04-CV-125-LR

LOCKHEED-MARTIN CORP., <u>et al.</u>                            DEFENDANTS

─────────────────────────────────────────────────────────────

*AND*

SCOTT, <u>et al.</u>                                          **PLAINTIFFS**

v.                              Civil Action No. 4:04-CV-128-LN

LOCKHEED-MARTIN CORP., <u>et al.</u>                        **DEFENDANTS**

_____

*AND*

BLANKS, <u>et al.</u>                                        **PLAINTIFFS**

v.                              Civil Action No. 4:05-CV-137-LN

LOCKHEED-MARTIN CORP., <u>et al.</u>                        **DEFENDANTS**

_____

**PLAINTIFFS' RESPONSE OPPOSING
DEFENDANT LOCKHEED MARTIN CORPORATION'S
MOTION FOR PROTECTIVE ORDER SEEKING
RELIEF FROM PLAINTIFFS' DISCOVERY REQUESTS**

COMES NOW the Plaintiffs in the above captioned civil actions and file this, Plaintiffs' Response Opposing Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests, and in support thereof would show unto this Honorable Court the following, to-wit:

1.

A.   The allegations, conclusions, and inferences to be drawn from allegations and conclusions contained in paragraph 1 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests are DENIED and Plaintiffs demand strict proof thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the
     following:

     (1)   That, on September 23, 2004, the Honorable court
           entered a Case Management Order in the above captioned
           actions and other actions consolidated with said
           actions for purposes of discovery (Def.'s Mot. for Pro.
           Ord. Ex. "A").

     (2)   That this Honorable Court has changed, amended,
           modified and otherwise altered its Case Management
           Order as reflected in this Court's files of which this
           Honorable Court may take judicial notice. [1]

     (3)   That, on March 7, 2005, the Honorable court entered the
           *first* Amended Case Management Order in the above
           captioned actions and other actions consolidated with
           said actions for purposes of discovery (Def.'s Mot. for
           Pro. Ord. Ex. "A").

     (4)   That, on August 10, 2005, the Honorable court entered a
           *Second* Amended Case Management Order in the above
           captioned actions and other actions consolidated with
           said actions for purposes of discovery  (Def.'s Mot.
           for Pro. Ord. Ex. "A").

     (5)   That, on February 2, 2006, the Honorable court entered
           a *Third* Amended Case Management Order in the above

---

[1]   Saucier v. U.S. Fidelity and Guaranty Co., 765 F.Supp. 334, 336 (S.D. Miss. 1991)
[Court may take judicial notice of its own records and proceedings].

captioned actions and other actions consolidated with said actions for purposes of discovery (Def.'s Mot. for Pro. Ord. Ex. "A").

2.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 2 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests are DENIED and Plaintiffs demand strict proof thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the following:

(1)   Pursuant to Honorable Court's Case Management Order _as amended_, Plaintiffs served Defendant Lockheed Martin Corporation with thirty-seven "global" interrogatories and twenty-eight (28) "global" requests for production of documents and things (Def.'s Mot. for Pro. Ord. ¶2, p.2).

(2)   That, on or about January 18, 2005, Defendant Lockheed Martin Corporation responded to Plaintiffs thirty-seven "global" interrogatories and twenty-eight (28) "global" requests for production of documents and things (Def.'s Mot. for Pro. Ord. ¶2, p.2; Def.'s Mot. for Pro. Ord. Ex. "G").

-4-

(3)   That, on or about <u>May 5, 2006</u>, Defendant Lockheed
      Martin Corporation supplemented Defendant Lockheed
      Martin Corporation's responses to Plaintiffs thirty-
      seven "global" interrogatories and twenty-eight (28)
      "global" requests for production of documents and
      things (Def.'s Mot. for Pro. Ord. ¶2, p.2; Def.'s Mot.
      for Pro. Ord. Ex. "G").

(4)   That Defendant Lockheed Martin Corporation produced
      voluminous documents and things, estimated at 29,000
      (Def.'s Mot. for Pro. Ord. ¶5, p.7) or 30,000 (Def.'s
      Mot. for Pro. Ord. ¶10, p.12).

(5)   That Plaintiffs do <u>*not*</u> admit/concede that Defendant
      Lockheed Martin Corporation fully or adequately
      responded to Plaintiffs interrogatories and/or requests
      for production of documents and things.

                              3.

A.   The allegations, conclusions and inferences to be drawn from
     allegations and conclusions contained in paragraph 3 of
     Defendant Lockheed Martin Corporation's Motion for
     Protective Order Seeking Relief from Plaintiffs' Discovery
     Requests are DENIED and Plaintiffs demand strict proof
     thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the
     following:

(1)   That, on or about <u>May 3, 2006</u>, Plaintiffs requested a
      ten (10) day extension/enlargement of the then current
      <u>June 1, 2006</u> discovery deadline  (Def.'s Mot. for Pro.
      Ord. Ex. "B").

(2)   That this Honorable Court GRANTED Plaintiffs' request
      (Def.'s Mot. for Pro. Ord. ¶4, p.4).

                                4.

A.   The allegations, conclusions and inferences to be drawn from
     allegations and conclusions contained in paragraph 4 of
     Defendant Lockheed Martin Corporation's Motion for
     Protective Order Seeking Relief from Plaintiffs' Discovery
     Requests are DENIED and Plaintiffs demand strict proof
     thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the
     following:

(1)   That, Plaintiffs electronically served Defendant
      Lockheed Martin Corporation with three (3) "global" and
      twenty-three (3) "case specific" discovery requests in
      each of the consolidated cases (Def.'s Mot. for Pro.
      Ord. Ex. "C"; "Additional "Global" Requests for
      Production . . ."; Def.'s Mot. for Pro. Ord. Ex. "D";
      *"Case Specific Interrogatories"*).

(2)   That the additional three (3) "global" discovery
      requests are permitted under this Honorable Court's

Case Management Order *as amended* (Def.'s Mot. for Pro. Ord. ¶5, p.5).

(3)  That Defendant attached a list of Plaintiffs serving case specific interrogatories (Def.'s Mot. for Pro. Ord. Ex. "E").

5.

A.  The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 5 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests are DENIED and Plaintiffs demand strict proof thereof.

B.  Notwithstanding the foregoing, Plaintiffs ADMIT the following:

(1)  That the additional three (3) "global" discovery requests are permitted under this Honorable Court's Case Management Order *as amended* (Def.'s Mot. for Pro. Ord. ¶5, p.5).

(2)  That Defendant has recited one of Plaintiffs' requests for production of documents and things (Def.'s Mot. for Pro. Ord. ¶5, p.6-7).

(3)  That Defendant Lockheed Martin Corporation produced voluminous documents and things, estimated at 29,000

(Def.'s Mot. for Pro. Ord. ¶5, p.7) or 30,000 (Def.'s
Mot. for Pro. Ord. ¶10, p.12).

6.

A.   The allegations, conclusions and inferences to be drawn from
allegations and conclusions contained in paragraph 6 of
Defendant Lockheed Martin Corporation's Motion for
Protective Order Seeking Relief from Plaintiffs' Discovery
Requests are DENIED and Plaintiffs demand strict proof
thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the
following:

(1)   That Plaintiffs have propounded "case specific"
interrogatories for _each_ of Plaintiffs' cases and _not_
"per side" (Def.'s Mot. for Pro. Ord. ¶6, p.8).

(2)   That each Plaintiff has propounded approximately
nineteen (19) interrogatories to Defendants Lockheed
Martin Corporation _et alia_ for _each_ of Plaintiffs'
cases in _Bailey, et al. v. Lockheed-Martin Corp., et_
_al.,_ Civil Action No. 4:04-CV-124-LR (Def.'s Mot. for
Pro. Ord. ¶6, pp.8-9, Def. Ex. "D" and "E").

(3)   That the Plaintiff has propounded approximately (20)
interrogatories to Defendants Lockheed Martin
Corporation _et alia_ in _Shirley Price v. Lockheed-_
_Martin Corp., et al.,_ Civil Action No. 4:04-CV-123-LR

-8-

(Def.'s Mot. for Pro. Ord. ¶6, pp.8-9, Def. Ex. "D" and "E").

(4)   That the Plaintiffs have propounded approximately (20) interrogatories to Defendants Lockheed Martin Corporation *et alia* in *Billy Eugene Bradley v. Lockheed-Martin Corp., et al.*, Civil Action No. 4:04-CV-125-LR (Def.'s Mot. for Pro. Ord. ¶6, pp.8-9, Def. Ex. "D" and "E").

(5)   Plaintiffs' disagree with Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation that this Honorable Court's September 23, 2004 Case Management Order (as changed, amended, modified and otherwise altered) limited the parties to discovery "per side" as claimed (Def.'s Mot. for Pro. Ord. ¶6, p.8). However, even if the order is so interpreted, the Defendants have consistently and correctly reminded all attorneys, at all opportunities, that this is not a class action, but separate Plaintiffs cases merged for discovery only.

(6)   Plaintiffs' disagree with and challenge Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation that this Honorable Court's Summary Judgment (Motion for Reconsideration pending) eliminated

> . . . all state law tort claims in this matter,
> many of the plaintiffs (especially those who are
> white) no longer have viable claims in this
> litigation, and should not be permitted to serve
> discovery requests at all.
> (Def.'s Mot. for Pro. Ord. ¶6, p.9).

7.

A.   The allegations, conclusions and inferences to be drawn from

allegations and conclusions contained in paragraph 7 of

Defendants Lockheed Martin Corporation, *et alia*'s Motion for

Protective Order Seeking Relief from Plaintiffs' Discovery

Requests represent the Movants' conclusions are DENIED and

Plaintiffs demand strict proof thereof.

B.   With respect, Plaintiffs suggest that evidence of prior

incidents are discoverable and relevant.

C.   Defendants Lockheed Martin Corporation, *et alia* have

adamantly denied Defendants' notice or knowledge of any

dangerous, threatening or hazardous conditions at

Defendants' Meridian plant.

D.   *Inter alia*, Plaintiffs suggest that the matter is

"controverted" within the meaning of Rule 407 F.R.Evid.

E.   With respect, Plaintiffs suggest that evidence of subsequent

remedial measures are discoverable and relevant.

8.

A.   The allegations, conclusions and inferences to be drawn from

allegations and conclusions contained in paragraph 8 of

Defendant Lockheed Martin Corporation's Motion for

Protective Order Seeking Relief from Plaintiffs' Discovery Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   With respect, Plaintiffs' disagree with Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation/ characterization of Plaintiffs discovery requests that

> * * *.  Plaintiffs also request information again that would be global in nature, such as "incidents of theft of motor vehicles from [LMC's] premises," "incidents of assault or other intentional infliction of physical injury," and "all grievances and/or disciplinary proceedings arising which implicate inappropriate language." (See Exhibit "D", Bailey case specific Interrogatories, Nos. 11, 17, 18, and 19).l  This is in violation of this Court's Case Management Order, and is unduly burdensome and harassing.  * * *

(Def.'s Mot. for Pro. Ord. ¶8, p.10).

C.   Defendants Lockheed Martin Corporation *et alia* have never conceded that Plaintiff(s) was/were subjected to common sources of danger, hazards and/or any race/sex based hostile working conditions.

D.   Therefore, discovery necessarily inquire as to *each* Plaintiff and does *not* violate this Honorable Court's Case Management Order.

9.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 9 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery

Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   With respect, Plaintiffs' disagree with and challenge Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation/characterization of Plaintiffs discovery requests as violating this Honorable Court's directive for "succinct" inquiry.

10.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 10 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   With respect, Plaintiffs' disagree with and challenge Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation/characterization of Plaintiffs discovery requests as having been "asked and answered".

11.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 11 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery

Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   With respect, Plaintiffs' disagree with and challenge Defendants Lockheed Martin Corporation *et alia*'s conclusion/interpretation/characterization of Plaintiffs' character or integrity as:

> In sum, there are only two reasons for plaintiffs to request this discovery at this late hour:  (1) to harass LMC; and (2) to make up for their own failure to pursue discovery on certain matters over the last two years of discovery.   * * *.

(Def.'s Mot. for Pro. Ord. ¶11p.13).

12.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 12 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the following:

(1)  That, on <u>May 19, 2006</u> and during the parties' meeting to settle some of the claims herein, counsel for Defendants Lockheed Martin Corporation *et alia* (David L. Ayers) served a photocopy of Defendant Lockheed Martin Corporation's Motion for Protective Order

Seeking Relief from Plaintiffs' Discovery Requests upon counsel for Plaintiffs (William E. Ready, Sr.).

(2)   That counsel for Plaintiffs (William E. Ready, Sr.) did not then and there agree to withdraw the discovery requests made the subject of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests.

(3)   That Defendants presented a "Good Faith Certificate" to counsel for Plaintiffs (William E. Ready, Sr.) (Def.'s Mot. for Pro. Ord. Ex. "F").

13.

A.   The allegations, conclusions and inferences to be drawn from allegations and conclusions contained in paragraph 12 of Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests represent the Movants' conclusions are DENIED and Plaintiffs demand strict proof thereof.

B.   Notwithstanding the foregoing, Plaintiffs ADMIT the following:

(1)   That Defendants attached copies of exhibits A - G to Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests.

14.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs now move this Honorable Court to DENY Defendant Lockheed Martin Corporation's Motion for Protective Order Seeking Relief from Plaintiffs' Discovery Requests.

Respectfully submitted,
BAILEY, ET AL.
BRADLEY, ET AL.
PRICE, SHIRLEY
MCCALL, ET AL.
TANKS, ET AL.
SCOTT, ET AL.

By:   ___s/William E. Ready___
FOR THE PLAINTIFFS
WILLIAM E. READY MS BAR #4677
READY & ASSOCIATES
517 23rd Avenue
Meridian, Mississippi 39302-0827
(601) 693-6678 Telephone
(601)693-1485 Facsimile
ready@mississippi.net

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing Plaintiffs Additional "Global" Requests for Production of Documents and Things Propounded to Defendants with the Court using the ECF system, which sent notification of such filing to the following:

David L. Ayers
dayers@watkinseager.com; cjohnson@watkinseager.com; csimmons@watkinseager.com

William H. Boice - PHV
bboice@kilpatrickstockton.com

Thomas H. Christopher - PHV
tchristopher@kilpatrickstockton.com

Joseph H. Huff - PHV
jhuff@kilpatrickstockton.com; jagee@kilpatrickstockton.com

William E. Ready
ready@mississippi.net

David M. Zack - PHV
dzacks@kilpatrickstockton.com
dgarcia@kilpatrickstockton.com

William E. Ready, Jr.
bill@readylawfirm.com;karon@readylawfirm.com

And I hereby certify that I have mailed the document by United States Postal Service to the following non-ECF participants:

C. Michael Quinn
Wiggins, Childs, Quinn and Pantazis, LLC
301 - 19th Street North
Birmingham, AL 35203

This the __1st__ day of June, 2006.

                          READY & ASSOCIATES, ATTORNEYS


                          BY: ___s/William E. Ready_____
                                William E. Ready
                                For the Firm


**READY & ASSOCIATES,**
**ATTORNEYS**
517-23RD AVENUE
P. O. BOX 927
MERIDIAN, MS 39302-0927
601/693-6678 - FAX: 601/693-1485
William E. Ready Bar No. 4677
F:\Documents\Active\4. Rhonda McGill\Lockheed\A DISCOVERY\PL Resp in Opp to Def Mo Prot Order 5 31 06.wpd