AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

BAILEY, ET AL
    PLAINTIFFS

V.

LOCKHEED MARTIN CORPORATION, ET AL
    DEFENDANTS

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: 4:04CV124LR
This Subpoena is also being filed in the other related cases as identified in the addendum attached hereto.

TO: Equal Employment Opportunity Commission
Jackson Area Office
Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 207
Jackson, MS 39269

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Watkins & Eager PLLC, 400 E. Capitol Street, Jackson, MS 39201 | 05/31/2006; 9:00 a.m. |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Defendants | 5/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark D. Jicka, Watkins & Eager PLLC, P. O. Box 650, Jackson, MS 39205 (601-948-6470)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
¹ If action is pending in district other than district of issuance, state district under case number.



EXHIBIT "A"

**ADDENDUM**
ALSO FILED IN THE FOLLOWING CASES
WHICH HAVE BEEN CONSOLIDATED FOR THE PURPOSES OF DISCOVERY

| | |
|---|---|
| ERICA WILLIS TANKS, ET AL | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:03CV408LR |
| LOCKHEED-MARTIN CORPORATION, ET AL | DEFENDANTS |
| MCCALL, ET AL. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:04CV122LR |
| LOCKHEED MARTIN CORPORATION, ET AL. | DEFENDANTS |
| PRICE | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:04CV123LR |
| LOCKHEED MARTIN CORPORATION, ET AL. | DEFENDANTS |
| BRADLEY, ET UX. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:04CV125LR |
| LOCKHEED MARTIN CORPORATION, ET AL. | DEFENDANTS |
| SCOTT, ET AL. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:04CV128LR |
| LOCKHEED MARTIN AERONAUTICS COMPANIES ET AL. | DEFENDANTS |

| | PROOF OF SERVICE | |
|---|---|---|
| DATE 5-5-06 | PLACE Equal Employment Opportunity Commission | |

SERVED: Calvin Cunning    hand-delivery
SERVED ON (PRINT NAME)    MANNER OF SERVICE

SERVED BY (PRINT NAME): Matthew Stevens    TITLE: Courier

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5-5-06
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: 400 E. Capitol
Jackson, MS

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I, Mark D. Jicka, do hereby certify that I have this day served, *via* U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the following:

William E. Ready
Ready & Associates
Post Office Box 927
Meridian, MS 39302-0927

Jacqueline C. Smoke
Thomas Means Gillis & Seay, P.C.
Post Office Drawer 5058
Montgomery, AL 36103-5058

Gregory Malta
1906 W. Alabama
Houston, TX 77098

This the __5th__ day of May, 2006.

_____
MARK D. JICKA

## Exhibit A

1. All investigations conducted by the EEOC including, but not limited to, all steps involved in each investigation and the information gathered therefrom, in response to the following Charges:

    a. Delois Bailey, EEOC Charge No. 131-2004-01499;

    b. Warren Brookshire, EEOC Charge No. 131-2004-01531;

    c. Oscar Coleman, EEOC Charge No. 131-2004-01490;

    d. Al Collier, EEOC Charge No. 131-2004-01559 (Jackson Area Office);

    e. Al Collier, EEOC Charge No. 130-2004-01159 (Birmingham Office);

    f. Sylvester Conley, EEOC Charge No. 131-2004-01488;

    g. Fred Dozier, EEOC Charge No. 131-2004-01494;

    h. Bryant E. Jones, EEOC Charge No. 131-2004-01505;

    i. Walter C. Lewis, EEOC Charge No. 131-2004-01508;

    j. Donald Gill Lloyd, EEOC Charge No. 131-2004-01489;

    k. Bobby McCall, EEOC Charge No. 131-2004-01577 (Jackson Area Office);

    l. Bobby McCall, EEOC Charge No. 130-2004-01161;

    m. Larry McCoy, EEOC Charge No. 131-2004-01495;

    n. Linda McCoy, EEOC Charge No. 131-2004-01500;

    o. Cathy Mumford, EEOC Charge No. 131-2004-01504;

    p. James R. Payton, EEOC Charge No. 131-2004-01509;

    q. Gloria Ruffin, EEOC Charge No. 131-2004-01502;

    r. Charles Scott, EEOC Charge No. 131-2004-04586;

    s. Zebbie Scott, Jr., EEOC Charge No. 131-2004-01492;

    t. Luke Steele, EEOC Charge No. 131-2004-01491;

    u. Booker Steverson, EEOC Charge No. 131-2004-01487;

    v. Wallace Wilson, EEOC Charge No. 131-2004-01485;

    w. Melvin Young, EEOC Charge No. 131-2004-01506; and

    x. Shirley Price, EEOC Charge No. 131-2004-01501.

2. The identity of all EEOC employees, agents, or representatives involved in the investigations of the Charges identified in Topic 1.

3. All documents received, reviewed and/or relied upon in the investigations conducted by the EEOC in response to the Charges identified in Topic 1.

4. All individuals interviewed, contacted by the EEOC or who provided information to the EEOC concerning the allegations raised in the Charges identified in Topic 1.

5. All the Determinations reached by the EEOC with respect to each of the Charges identified in Topic 1, and the bases for each Determination.

6. All facts on which the EEOC based its Determinations with respect to the Charges identified in Topic 1.

7. All communications (including the number, date, duration, substantive content, and manner of such communications) between the EEOC and the Charging Parties (or any representative of any Charging Party) identified in Topic 1 concerning the Charges identified in Topic 1 or regarding any of the events described in or related to those Charges.

8. All communications (including the number, date, duration, substantive content, and manner of such communications) between the EEOC and any non-party, including, but not limited to, any media outlet, community or civic group, or government agency, concerning the Charges identified in Topic 1 or regarding the any of the alleged events described in those Charges.

9. The dates on which the EEOC started and finished each of the investigations of the Charges identified in Topic 1.

10. Communications between the EEOC and any employee, agent, or representative of Lockheed Martin Corporation or any person who works at Lockheed Martin's Meridian Plant regarding the Charges identified in Topic 1 or regarding any of the alleged events described in those Charges.

11. All actions taken by the EEOC to investigate the Charges identified in Topic 1.

12. All sources of information considered or used by the EEOC with respect to the EEOC's investigation of the Charges identified in Topic 1.