IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **BAILEY, et al.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN CORPORATION, et al.,** | **4:04CV124LR** |
| **ERICA WILLIS TANKS, et al.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN CORPORATION, et al.,** | **4:04CV408LR** |
| **MCCALL, et al.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN CORPORATION, et al.,** | **4:04CV122LR** |
| **PRICE, et al.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN CORPORATION, et al.,** | **4:04CV123LR** |
| **BRADLEY, et ux.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN CORPORATION, et al.,** | **4:04CV125LR** |
| **SCOTT, et al.** | |
| v. | **Civ. Action No.** |
| **LOCKHEED MARTIN AERONAUTICS COMPANIES, et al.,** | **4:04CV128LR** |

**SUPPLEMENTAL MEMORANDUM TO COMPEL
PRODUCTION OF ADDITIONAL DOCUMENTS AND ORAL
DEPOSITION OF EEOC PURSUANT TO COURT'S JULY 10, 2006 ORDER
AND REQUEST FOR EXPEDITED REVIEW OF SAME**

**I.   INTRODUCTION**

On July 10, 2006, the Court granted in part and denied in part the EEOC's motion

to quash a subpoena issued by Defendant Lockheed Martin Corporation ("LMC" or

"Defendant").  The subpoena sought documents and testimony concerning the EEOC's investigative files for twenty-four (24) charges of discrimination filed by plaintiffs in these cases.

In its Order, the Court found that the factual information sought by LMC was not shielded by the deliberative process privilege and should be produced.  The Court recognized that Defendant was entitled to, for example:

- **who** the EEOC interviewed during its investigations;

- **who** conducted the investigations;

- the **facts** on which the EEOC based its cause determinations;

- the **documents or testimony** on which the EEOC based its findings of fact included in the determinations;

- the **actions taken** during the investigations by the EEOC;

- the **communications** between the EEOC and witnesses (both from plaintiffs' side and defendant's side); and

- the **dates** on which the investigations were started and finished.

*See* 7/10/2006 Order (Docket No. 211) at 4-5.  The Court theorized that such information "should be available in the documents produced by the EEOC pursuant to Lockheed's FOIA requests." *Id.* at 5 (emphasis added).  The Court realized that reality and theory often part ways, and ruled:

> If, however, a review of the documents that have been provided leads to the conclusion that other non-privileged information, likely to lead to the discovery of admissible evidence, can only be obtained through a deposition, the Defendants may make the appropriate motion to pursue that discovery.

*Id.* LMC has reviewed the documents supplied by the EEOC, and has concluded that additional non-privileged information responsive to the subpoena can only be obtained through deposition of a representative of the EEOC.

LMC's review of the documents provided by the EEOC thus far reveals the following deficiencies:

1.  The only documents produced which provide any indication of actions (or, in most cases, attempted actions) taken by the EEOC during the investigations are case logs. The case logs, however, contain only conclusory statements about the steps taken and facts gathered during the EEOC's investigations.[1]

2.  The EEOC has not produced documents subject to subpoenas concerning three charges[2] on the grounds that the lawsuits arising from them have been dismissed. The EEOC refused to provide documents concerning a fourth charge on the grounds that the charging party did not file a lawsuit.[3] The EEOC treated the investigations as a single investigation, meaning that information contained in the withheld files may contain relevant information about the investigations of the files of claimants who have still-pending lawsuits. Moreover, the FOIA requests were pending before the lawsuits were dismissed. Thus, the files should be produced pursuant to the subpoenas.

3.  The produced documents do not verify that all relevant factual information about the investigations has been produced. In fact, there are references in the produced material to affidavits from charging parties, yet no such affidavits have been produced. *See* Exhibit A at 5/18/04 entry. A witness can better explain whether all relevant

---

[1] The case logs in the investigative files produced are nearly all identical. A copy of one such log is attached hereto as Exhibit "A."
[2] The three charges are: Al Collier (Charge Nos. 130-2004-01159 & 131-2004-01559) and Charles Scott (Charge No. 131-2004-04865).
[3] The fourth withheld file relates to the charge filed by James R. Payton (Charge No. 131-2004-01509).

material has been produced, and the whereabouts of the referenced affidavits. The discovery cut-off is August 31, 2006. Accordingly, LMC requests that the Court expedite its ruling on this issue and order the EEOC to produce additional documents and a witness to testify within twenty days of the date of that order.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Documents Produced by the EEOC

The EEOC produced 19 investigative files concerning 19 charging parties.[4] With one exception, all the files produced contain a nearly-identical case log which describes, in conclusory form, the steps taken by the EEOC during the investigation of these charges. *See* Case Log, Exhibit A. Although the files are not <u>identical</u> in contents, they all contain some variation of the following materials:

> The nearly-identical case log (Exhibit A hereto);
>
> The charging party's charge of discrimination;
>
> The EEOC's "pre-determination interview," which is identical to the Determinations issued by the EEOC (*see* Pre-Determination Interview, Exhibit B hereto, and Determination, Exhibit C hereto);
>
> The personnel file of the charging party;
>
> "Investigative Statements," apparently taken by investigators employed by the charging parties' counsel; and
>
> Initial correspondence between the EEOC and the parties.

Moreover, <u>some</u> of the investigative files included LMC's response to the party's charge of discrimination and the EEOC's request for information. Finally, interspersed in the production of documents from the EEOC, but not tied to any particular investigative file

---

[4] The EEOC produced investigative files concerning the Estate of Lynn McCall, Sylvester Conley, Melvin Young, Estate of Delois Bailey, Oscar Coleman, Warren Brookshire, Zebbie Scott Jr., Donald Gill Lloyd, Wallace Wilson, Booker Steverson, Luke Steele, Gloria Ruffin, Shirley Price, Cathy Mumford, Linda McCoy, Larry McCoy, Bryant E. Jones, Fred Dozier, and Walter C. Lewis.

4

were some of the documents submitted by LMC in conjunction with the EEOC's request for information, such as: (1) the personnel file of Douglas Williams; (2) the Union contract; (3) an OSHA report concerning the shooting at the Meridian facility; and (4) a roster of employees at the Meridian facility.

    **B.    Documents NOT Produced by the EEOC**

The EEOC withheld the investigative files concerning four charges—Al Collier (Charge Nos. 131-2004-01559 & 130-2004-01159), James R. Payton (Charge No. 131-2004-01509), and Charles Scott (Charge No. 131-2004-04586)—on the grounds that either the charging party had not filed a lawsuit (James R. Payton) or the charging party's lawsuit had been dismissed (Charles Scott and Al Collier).

In addition, the EEOC did not produce any documents identifying any witnesses whom the EEOC interviewed. It remains unknown whether the EEOC actually interviewed any witnesses at all.

**III.    ARGUMENT**

    **A.    The Materials Produced By The EEOC Fail To Provide The Factual Information To Which LMC Is Entitled.**

The purpose of LMC's subpoena to the EEOC is to determine which documents or testimony the EEOC relied upon in reaching its Determinations concerning the charges against LMC. The documents produced by the EEOC fail to provide the answer to this fundamental question.

The documents produced by the EEOC provide only a cursory look at the actions taken by the EEOC. First, the "case logs" produced by the EEOC indicate that the EEOC made requests for information to LMC and the charging parties, but do not indicate which materials, if any, were provided by the parties or which documents provided by the

5

parties were relied upon by the EEOC. For example, the case logs indicate that the EEOC received "Respondent's position statement and other documents," but does not indicate whether the charging parties provided any documents at all. Without testimony from an EEOC representative, it is impossible for LMC to discern which of the documents produced were relied upon by the EEOC.

Second, the case logs raise questions about the completeness of the investigative files produced. For example, one entry dated "5-18-04" on the case logs reads: "Charging Parties attorney called. He indicated that he would like to get R[espondent] in court as soon as possible; however, two of his clients had completed an affidavit in response to the EEOC list of questions." (*See* Exhibit A, at p. 2.) The referenced "list of questions" and "affidavits" are not included amongst the files provided by the EEOC. An EEOC representative should testify to explain why the documents are missing, what the missing documents say, and whether or to what degree the EEOC relied upon those missing documents.

Third, the only documents provided by the EEOC that provide any information about the "the **actions taken** during the investigations by the EEOC" (*see* Order, at 5) are the case logs. However, the case logs' description of the actions taken fail to provide adequate information to be useful at all. For instance, the case logs state that on "04-24-04" "[a]n on-site visit was conducted and the charges filed by the individual Charging Parties were discussed with their attorney. CP's attorney was asked to have each of his client [sic] complete the questionnaire and return back to EEOC-JAO." (*See* Exhibit A, p. 1.) This particular entry does not provide the substance of the conversation, the identity of the EEOC representative or representatives who participated, whether the

6

charging parties were present, or any other details of the "on-site visit." Without such information, the case log only provides a sketchy and incomplete picture of what actions, if any, the EEOC took to investigate the Charges at issue here.

An EEOC representative can fill in the gaps found in the material produced by the EEOC at a deposition. It is far more efficient to examine an EEOC witness concerning the questions identified in the Court's July 10, 2006 Order than let the parties (and eventually the Court, when it considers LMC's motion in limine before trial) guess at what the EEOC did during the investigation.

> **B.     Because The EEOC Consolidated The Investigations Of All Of The Referenced Charges Into One Investigation, It Should Produce The Investigative Files Of All The Charges Identified In The Subpoena.**

As the nearly-identical case logs suggest, the EEOC simply conducted one investigation into all of the twenty-four charges filed by the charging parties. The charges arose from the same incident, and the EEOC's decision to consolidate the investigations into one investigation made sense from an efficiency standpoint. LMC's inspection of the investigative files produced, however, reveals some differences in the materials included in each files.

The EEOC argues that it may withhold investigative documents concerning charging parties whose lawsuits against LMC have been dismissed, and thus has withheld the investigative files concerning four charges—Al Collier (Charge Nos. 131-2004-01559 & 130-2004-01159), James R. Payton (Charge No. 131-2004-01509), and Charles Scott (Charge No. 131-2004-04586)—on the grounds that either the charging party had not filed a lawsuit (James R. Payton) or the charging party's lawsuit had been dismissed (Charles Scott and Al Collier).

7

LMC can assess the extent and completeness of the EEOC's investigation only by reviewing the investigative files of all charging parties, regardless whether the lawsuits involving the charging parties whose investigative files the EEOC has withheld have been dismissed.

The EEOC's only argument rests on 42 U.S.C. § 2000e-8(e), which states: "It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section <u>prior</u> to the institution of any proceeding under this title involving such information."  (Emphasis added.)  This provision does not shield investigative files once a lawsuit has been filed concerning the information contained in the investigative file. The EEOC has provided no authority to support the proposition that the dismissal of a lawsuit somehow triggers 42 U.S.C. § 2000e-8(e), and shuts down a litigant's access to such investigative files.  Moreover, the still-pending lawsuits call for the information contained in the withheld investigative files, even if some of the charging parties have dismissed their lawsuits.  Accordingly, the withheld files should be produced pursuant to the subpoena.

        **C.**        **LMC Should Be Permitted To Depose An EEOC Representative To Confirm That All Responsive Documents And Information Have Been Produced.**

The EEOC's production of documents pursuant to LMC's subpoena and FOIA requests raises another question that can only be answered by an EEOC witness at a deposition:  "Has the EEOC provided all responsive documents and information upon which it relied in reaching its determinations with respect to these charges?"

To provide a complete record to the Court on LMC's forthcoming motion in limine to preclude evidence concerning the determinations reached by the EEOC in these lawsuits, LMC must obtain an exhaustive list of all actions taken and documents and information relied upon by the EEOC during its investigations.  The Court has already held that LMC is entitled to this information, and opined that such an exhaustive list <u>might</u> be contained in the documents produced by the EEOC.  LMC's inspection of the documents, as described above, fails to provide such a list.  An EEOC representative can provide the remaining information not contained in the document production <u>and</u> confirm that EEOC has provided an exhaustive list of information and documents relied upon and actions taken by the EEOC.

LMC requests that the Court require the EEOC to produce a witness to testify as to the following topics:

1. The EEOC personnel involved in the investigation and the scope of that investigation, including whether the EEOC took any actions other than what is shown on the case log, such as witness interviews;
2. The completeness of the case files produced by the EEOC and the whereabouts of missing documents referenced in the case logs, *e.g.*, the affidavits in the 5/18/04 entry on the case logs;
3. A complete list and the content of the documents and/or testimony on which the EEOC based its findings of fact included in the determinations; and
4. All communications with the Charging Parties and/or Respondent other than what is indicated on the case log and the content of all communications.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court Order that the EEOC produce additional documents and that the deposition of the EEOC proceed within 20 days of the date of the Court's order.

Respectfully submitted,

LOCKHEED MARTIN CORPORATION

__s/Mark D. Jicka_____
Mark D. Jicka

OF COUNSEL:
David L. Ayers  (MSB No. 1670)
Mark D. Jicka  (MSB No. 8969)
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300
P.O. Box 650
Jackson, MS  39205
Phone:  (601) 948-6470
Fax:  (601) 354-3623

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2006, I electronically filed a copy of the foregoing **SUPPLEMENTAL MEMORANDUM TO COMPEL PRODUCTION OF ADDITIONAL DOCUMENTS AND ORAL DEPOSITION OF EEOC PURSUANT TO COURT'S JULY 10, 2006 ORDER** with the Clerk of the Court using the ECF system, which will send electronic notification of such filing to the following:

**David L. Ayers**
dayers@watkinseager.com
cjohnson@watkinseager.com, csimmons@watkinseager.com
**William H. Boice- PHV**
bboice@kilpatrickstockton.com
**Thomas H. Christopher**
tchristopher@kilpatrickstockton.com
lcreel@kilpatrickstockton.com
**Joseph H. Huff- PHV**
jhuff@kilpatrickstockton.com, jagee@kilpatrickstockton.com
**Helen Swartzfager**
hswartzfager@bellsouth.net, rfayelee@bellsouth.net
**William E. Ready**
ready@mississippi.net
**William F. Blair**
bill@bbfirm.com
**Jacqueline C. Smoke**
jcsmoke@tmgslaw.com
**Kenneth A. Rutherford**
krutherford@rcattorneys.com
**David M. Zacks- PHV**
dzacks@kilpatrickstockton.com
dgarcia@kilpatrickstockton.com
**William E. Ready, Jr.**
ready@readylawfirm.com
**Charles E. Guerrier**
Charles.guerrier@eeoc.gov

And I hereby certify that I have mailed the document by United States Postal Service to the following non-ECF participants:

C. Michael Quinn
WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
301 19th Street North
Birmingham, AL  35203

Gregory Malta
1906 W. Alabama
Houston, TX  77098

_____s/Mark D. Jicka_____
Mark D. Jicka